IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**EDUARDO LAMAS LEYVA**                                                                 PLAINTIFF

V.                                    CASE NO. 5:18-CV-05170

**DEPUTY C. McLELLAN**                                                                  DEFENDANT

## OPINION AND ORDER

Plaintiff Eduardo Lamas Leyva filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Washington County Detention Center. He has named as a Defendant Deputy McLellan

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), on July 15, 2018, Defendant began harassing and threatening the Plaintiff. As a result, Plaintiff states he has had to "live each day in fear of retaliation." Plaintiff alleges his anxiety is "at an all time peak." With respect to this claim, Plaintiff has sued the Defendant in both his individual and official capacity. On the form complaint when asked to describe the custom or policy that he believed caused the violation of his constitutional rights, Plaintiff replied that he is entitled to receive humane medical treatment and to be

1

"treated respectfully and diligently throughout that process." He maintains he has been denied "all of this."

Plaintiff also alleges Defendant has defamed his character. From Defendant's comments and body language, Plaintiff believes Defendant "was referring to my ethnicity" and his approval or dislike of the same. Plaintiff has sued Defendant in his personal capacity only on this claim.

As relief, Plaintiff seeks both compensatory and punitive damages. Plaintiff also states he would like to see Defendant "terminated as an employee, as well as prosecuted for his actions."

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

## III. DISCUSSION

Section 1983 requires proof of two elements: (1) the conduct complained of must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States. As set forth above, Plaintiff has brought two separate claims against the Defendant. For the reasons discussed below, no plausible claims are stated, and this action is subject to dismissal.

### Claim One: Harassment, Racist Comments, & Threats

"Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim. The Constitution does not protect against all intrusions on one's peace of mind. Fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." *King v. Olmsted Cnty.*, 117 F.3d 1065, 1067 (8th Cir. 1997). Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension. *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983). Even the use of racially derogatory comments, while "thoroughly offensive" and "reprehensible," does not itself violate the Fourteenth Amendment. *Blades v. Schuetzle*, 302 F.3d 801, 805 (8th Cir. 2002) ("[U]nless it is pervasive or severe enough to amount to racial harassment," the "use of racially derogatory language . . . will not itself violate the fourteenth amendment"). No plausible individual capacity claim is stated in the Complaint.

To the extent Plaintiff is attempting to assert an official capacity claim, it is the equivalent of a claim against Washington County. "Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by 'a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Grayson v. Ross*, 454 F.3d 802, 810-811 (8th Cir. 2006) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Plaintiff has not alleged the existence of any custom or policy of Washington County that was a moving force behind the alleged constitutional violations.

### Claim Two: Defamation

"[D]efamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693, 711-12 (1976). In other words, the "Supreme Court has made clear that federal courts are not to view defamatory acts as constitutional violations." *Boyanowski v. Capital Area Intermediate Unit*, 215 F.3d 396, 400 (3d Cir. 2000).

### IV. CONCLUSION

The claims asserted are subject to dismissal because they are frivolous or fail to state claims upon which relief may be granted. Therefore, this case is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(i-ii).

This dismissal constitutes a strike within the meaning of the Prison Litigation Reform Act. The **Clerk** is therefore **DIRECTED** to enter a § 1915(g) strike flag on this case.

**IT IS SO ORDERED** on this 18th day of September, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE